J-S37038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAWANN R. DIXON | : | |
| | : | |
| Appellant | : | No. 1145 EDA 2022 |

Appeal from the PCRA Order Entered March 19, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004889-2009

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 28, 2022**

Appellant, Dawann R. Dixon, appeals from an order entered in the Criminal Division of the Court of Common Pleas of Delaware County on March 19, 2022, dismissing, as untimely, his third petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Our review of the certified record reveals the following facts and procedural history.  Appellant entered a negotiated guilty plea to third-degree murder[1] and persons not to possess or use firearms[2] on March 26, 2010.  After Appellant waived a pre-sentence investigation report, the trial court, on the same day, sentenced Appellant in accordance with the terms of his negotiated

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 6105(c)(1).

plea agreement to an aggregate term of 25 to 50 years′ incarceration. Neither a post-sentence motion nor a timely direct appeal was filed. Therefore, Appellant's judgment of sentence became final on April 26, 2010, 30 days after the court imposed its sentence. **See** 42 Pa.C.S.A. § 9545(b)(3) (under the PCRA, a judgment becomes final at the conclusion of direct review or at the expiration of time for seeking such review); 1 Pa.C.S.A. § 1908 (excluding Sunday from calculation of appeal period where, as here, the 30th day following imposition of sentence – April 25, 2010 – fell on Sunday).

Appellant filed his first PCRA petition on August 5, 2011. The PCRA court appointed counsel who, after review, filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and requested leave to withdraw. On January 19, 2012, the PCRA court issued notice of its intent to dismiss Appellant's initial petition without a hearing. **See** Pa.R.Crim.P. 907. Thereafter, the court dismissed the petition on February 22, 2012. This Court affirmed the dismissal of Appellant's first petition on October 17, 2012.

Appellant filed a second petition for collateral relief on September 28, 2020, which the PCRA court dismissed as untimely on December 2, 2020. Appellant did not appeal the dismissal of his second petition. On December 30, 2021, Appellant filed the instant PCRA petition, his third. The court issued a Rule 907 notice on February 8, 2022, and Appellant responded on March 3,

2022. The court then dismissed Appellant's petition as untimely on March 19, 2022. This appeal timely appeal followed on April 19, 2022.[3]

In his brief, Appellant asserts that the PCRA court erred in concluding that it lacked jurisdiction to consider the merits of his claims. Specifically, Appellant argues that he validly invoked the exception to the PCRA's one-year time-bar found at 42 Pa.C.S.A. § 9545(b)(1)(iii)[4] when he cited to our

_____

[3] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

[4] In relevant part, 42 Pa.C.S.A. § 9545(b) provides:

### § 9545. Jurisdiction and proceedings

(a) **Original jurisdiction**. Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.

(b) **Time for filing petition**.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

Supreme Court's decision in **Commonwealth v. Bradley** 261 A.3d 381 (Pa. 2021). Appellant maintains that he is similarly situated to Bradley and that **Bradley** fashioned a new rule of criminal procedure which should be retroactively applied. **See** Appellant's Brief at 1-2. We agree with the PCRA court that **Bradley** does not trigger the "new constitutional right exception" set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii).

When reviewing the propriety of an order denying PCRA relief, this Court determines whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). We will not disturb the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014). The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our

---

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(a) and (b)(1). For claims arising on December 24, 2017 or thereafter, "[a]ny petition invoking an exception provided in [42 Pa.C.S.A. § (b)(1)] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Because Appellant's claim turns on the interpretation of a decision issued by our Supreme Court in 2021, the one-year filing deadline applies in this matter.

- 4 -

scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).

Since Appellant did not file post-sentence motions or lodge a direct appeal, his judgment of sentence became final on April 26, 2010, 30 days after the court imposed its sentence. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Appellant therefore needed to petition for collateral relief on or before April 26, 2011. Appellant filed the instant PCRA petition on December 30, 2021. As such, the petition is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

In rejecting Appellant's claim that ***Bradley*** triggered the timeliness exception contained in section 9545(b)(1)(iii), the PCRA court stated:

> In his *pro se* PCRA [petition, Appellant] attempts to avoid the time bar by alleging a newly recognized constitutional right that is applied retroactively. Specifically, [Appellant] has filed the instant PCRA [petition] in reliance [upon] the Pennsylvania Supreme Court's decision in [**Bradley**]. [Appellant] misreads **Bradley**. The holding in that case does not announce a newly recognized constitutional right that applies retroactively. Instead, **Bradley** revised prior PCRA procedure to allow "a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal." **Bradley**, *supra* at 401. The [Supreme C]ourt went on to state "we deem the consideration on collateral appeal of claims of PCRA counsel ineffectiveness to spring from the original petition itself, and that doing so does not amount to impermissibly allowing a 'second or subsequent' serial petition[.]" **Bradley**, *supra* at 404. The **Bradley** Court further stated, "we reject the argument that claims of ineffective assistance of PCRA counsel may be raised in an untimely successive petition pursuant to the unknown facts exception to the PCRA time-bar." **See id**. 404 n.18. [Appellant's] PCRA petition is untimely. Accordingly, the court lacks jurisdiction to entertain his untimely third PCRA petition.

PCRA Court Opinion, 6/14/22, at 5.

We agree with the PCRA court's conclusion that **Bradley** does not trigger the timeliness exception found at section 9545(b)(1)(iii). As the PCRA court observed, **Bradley** is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief. It is not, as section 9545(b)(1)(iii) requires, a decision by the Pennsylvania Supreme Court which recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA. Accordingly, we hold that the PCRA court correctively concluded that it lacked jurisdiction to consider the merits of Appellant's third petition because the petition was untimely and not subject to a timeliness exception under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/28/2022</u>